142 So. 98

## DAY et al. v. McCALL.

### 4 Div. 631.

Supreme Court of Alabama.

May 19, 1932.

Rehearing Denied June 9, 1932.

C. B. Fuller, of Opp, for appellants.

E. O. Baldwin, of Andalusia, for appellee.

BOULDIN, J.

Appellee, plaintiff in ejectment, claimed title through certain mortgages assigned to him, and the foreclosure thereof.

The sole defense was payment of the mortgage indebtedness prior to foreclosure.

Appellants here challenge the rulings of the court below touching certain credits which they claim, as matter of law, should be applied to this mortgage debt.

The land mortgages were executed by J. G. Day and his wife, E. V. Day. J. G. Day, the mortgagor, died. His widow, E. V. Day, and son W. C. Day, both defendants and appellants in this suit, together with another son, executed a chattel mortgage on a pair of mules, wagon, and harness belonging to the estate to secure advances for cropping purposes. This mortgage was given to the holder of land mortgages at that time, and advances were furnished thereunder.

The team, wagon, and harness, according to plaintiff's version, were sold by the mortgagors to a third person at an agreed price with the consent of plaintiff-mortgagee, the proceeds paid to him, and applied on his account for advances secured by the chattel mortgage.

It appears this personalty was also included in the land mortgage.

Whatever the rights, legal or equitable, of the personal representative or other heirs of the estate, certainly those defendants who gave the chattel mortgage and obtained the advances are in no position to say the creditor must apply the credit to the debt secured by both land and personalty, leaving unpaid the debt secured by personalty only.

It would seem from plaintiff's evidence the proceeds were applied as agreed at the time.

Charge B refused to defendants ignored certain phases of the case; and was also properly refused in requiring the jury to give credit for its reasonable value according to the evidence instead of the agreed value, if they found with the plaintiff's contention in that regard.

Whether under any phase of the evidence the defense of payment was sustained, we need not decide.

There was no reversible error in the rulings complained of.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.